IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DIGITAL DOMAIN MEDIA GROUP, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 12-12568 (BLS)<br><br>(Joint Administration Requested)<br><br>**Related Docket No. 17** |

**Deadline for Submitting Bids: September 20, 2012 at 8:00 p.m. ET**
**Auction Date: September 21, 2012 at 10 a.m. ET**
**Deadline for Objections to Sale Motion: September 21, 2012 at 5:00p.m. ET**
**Hearing Date on Sale Motion: September 24, 2012 at _____ .m. ET**

## ORDER (A) APPROVING BID PROCEDURES AND BID PROTECTIONS; AND (B) APPROVING THE FORM AND MANNER OF NOTICES THEREOF

Upon the *Motion of the Debtors for an Order (A) Approving Procedures for Sale of Assets; (B) Scheduling Auction and Hearing to Consider Approval of Sale and Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (C) Approving Forms of Notice; and (D) Granting Related Relief* (the "Motion")[2] of the above-captioned debtors (collectively, the "Debtors") for the entry of orders (the "Order") (a) approving Bid Procedures (as defined below) and Bid Protections (as defined below), (b) approving the form and manner of notices thereof; (c) approving an asset purchase agreement (the "Purchase Agreement") between the Debtors and the Buyer to acquire certain assets of the Debtors as set forth in the Purchase

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal or foreign taxpayer identification number, if any, are as follows: D2 Software, Inc. (5602); DDH Land Holdings, LLC; DDH Land Holdings II, LLC; Digital Domain (8392); Digital Domain Institute, Inc. (6275); Digital Domain International, Inc. (9344); Digital Domain Media Group, Inc. (9505); Digital Domain Productions, Inc. (5757); Digital Domain Productions (Vancouver) Ltd. (6450); Digital Domain Stereo Group, Inc. (4526); Digital Domain Tactical, Inc. (6809); Mothership Media, Inc. (2113); Tradition Studios, Inc. (4883); Tembo Productions, Inc. (7634). The Debtors' mailing address is 10250 SW Village Parkway, Port St. Lucie, Florida 34987.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

1

Agreement (the "Acquired Assets"); (d) authorizing the sale of the Acquired Assets free and clear of all liens, claims, encumbrances and interests (collectively, the "Liens, Claims, Encumbrances and Interests"); and (e) authorizing the assumption and assignment of executory contracts and unexpired leases (collectively, the "Assigned Contracts") to the Buyer; it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and a hearing ("Hearing") having been held on September 12, 2012; and based on the Motion and upon the submissions of counsel made on the record at the Hearing; and after due deliberation and sufficient cause appearing therefor:

## THE COURT HEREBY FINDS THAT:[3]

A. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The statutory bases for the relief requested in the Motion are (i) sections 105, 363, 503 and 507 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to these chapter 11 cases pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

Code"); (ii) Rules 2002(a)(2), 6004, 6006, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and (iii) Rules 6004-1 and 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

C. Notice of the Motion, has been given to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims filed pursuant to Local Rule 2002-1 (b); (iii) counsel to the agent for the Debtors' proposed postpetition secured lenders; (iv) counsel to the agent for the Debtors' prepetition secured lenders; (v) the Internal Revenue Service; (vii) the Securities and Exchange Commission; (viii) all entities who are known to possess or assert a claim against the Debtors; and (ix) all entities who are known to FTI to have expressed interest in the Acquired Assets (the "Notice"). Under the exigent circumstances of this case, the Notice constitutes good and sufficient notice of the relief requested in the Motion, no further or other notice of the relief sought in the Motion and at the Hearing and the relief granted by this Order is necessary or required, and granting the relief sought is fair and reasonable and in the best interest of the Debtors' estates.

D. The Debtors have articulated good and sufficient reasons for this Court to enter this Order: (i) approving the Bid Procedures; (ii) setting the Sale Hearing and approve the manner of notice of the Motion and the Sale Hearing; (iii) approving the procedures for the assumption and assignment of Assigned Contracts, including notice of proposed cure amounts; and (iv) granting certain bid protections as provided in the Purchase Agreement and in this

Order.

E. The Breakup Fee and the Expense Reimbursement (collectively, the "Bid Protections") shall be paid in accordance with the Purchase Agreement and indefeasibly paid in cash in full out of the proceeds obtained by the Debtors pursuant to a Competing Transaction (as defined in the Bid Procedures) simultaneously with the consummation of a Competing Transaction; provided that if any portion of the consideration for such Competing Transaction includes a credit bid under section 363(k) of the Bankruptcy Code or otherwise, or any form of consideration other than cash, there shall be sufficient cash consideration in such Competing Transaction to satisfy any of the Bid Protections to which Buyer is entitled under the Purchase Agreement, this Order or otherwise, and the Bid Protections (i) if triggered, shall be deemed to be and are an actual and necessary cost and expense of preserving the Debtors' estates, within the meaning of sections 503 and 507(b) of the Bankruptcy Code, (ii) are of substantial benefit to the Debtors' estates, (iii) are reasonable and appropriate, including in light of the size and nature of the Sale and the efforts that have been or will be expended by the Buyer notwithstanding that the proposed Sale is subject to higher and better offers for the Acquired Assets, (iv) were negotiated by the parties at arm's length and in good faith, and (v) are necessary to ensure that the Buyer will continue to pursue its proposed acquisition of the Acquired Assets.

F. The Bid Procedures are reasonable and appropriate and represent the best method for maximizing value for the benefit of the Debtors' estates.

**ORDERED THAT:**

1. The Motion is granted as provided herein.

2. The "Bid Procedures," substantially in the form attached as Exhibit 1 hereto are hereby approved; provided that no amendments or other modification to the Bid Procedures shall be made without prior express written consent of DIP Agent (as defined in the Interim DIP Order) (acting at the direction of the Required DIP Lenders (as defined in the Interim DIP Order)), the Senior Notes Agent (as defined in the Interim DIP Order) (acting at the direction of the Initial Senior Noteholders (as defined in the Interim DIP Order)) (collectively, the "Lender Parties") and the Buyer. The Debtors are authorized to take any and all actions necessary to implement the Bid Procedures.

3. Section 11.5 of the Purchase Agreement is hereby approved and binding upon the Debtors and their estates, and in connection therewith, (a) the Bid Procedures are hereby approved and the Debtors are authorized to pay the Bid Protections in accordance with the Purchase Agreement and this Order, and (b) the Buyer is granted relief from the automatic stay pursuant to section 362 of the Bankruptcy Code for the limited and sole purpose of exercising its rights under those provision, including with respect to the Buyer's termination of the Purchase Agreement.

4. The Debtors' obligation to pay the Bid Protections, as provided by the Purchase Agreement, shall survive termination of the Purchase Agreement; and, in the event a Competing Transaction is consummated, shall be paid in accordance with the Purchase Agreement without further order of the Court and indefeasibly paid in cash in full out of the proceeds obtained by the Debtors pursuant to a Competing Transaction simultaneously with the

consummation of a Competing Transaction; (<u>provided</u> <u>that</u> if any portion of the consideration for such Competing Transaction includes a credit bid under section 363(k) of the Bankruptcy Code or otherwise, or any form of consideration other than cash, there shall be sufficient cash consideration in such Competing Transaction to satisfy any of the Bid Protections to which Buyer is entitled under the Purchase Agreement or this Order) provided that, if so triggered, such Bid Protections shall be deemed an actual and necessary cost and expense of preserving the Debtors' estates, within the meaning of sections 503 and 507(b) of the Bankruptcy Code and shall constitute a superpriority administrative expense claim in favor of the Buyer ("<u>Buyer's Administrative Expense Claim</u>") having priority over any and all administrative expenses of the kind specified in sections 503(b) and 507(c) of the Bankruptcy Code.

5. All objections to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court, are overruled.

6. The Debtors shall make reasonable efforts to publish the notice attached to the Motion as <u>Exhibit F</u> (the "<u>Bid Procedures Notice</u>") in Variety after entry of this Order. The Debtors will also serve the Stalking Horse Purchase Price Notice on the Notice Parties on or before one (1) day after entry of this Order.

7. As further described in the Bid Procedures, the Debtors shall conduct the Auction in accordance with the Bid Procedures at 10:00 a.m. (prevailing Eastern Time) on September 21, 2012 at the offices of Debtors' counsel, Pachulski Stang Ziehl & Jones LLP, 919 N. Market St., 17th Floor, Wilmington DE 19801.

8. No later than September 14, 2012, after entry of this Order, the Debtors shall send a notice to each counterparty to an executory contract or unexpired lease setting forth the Debtors' calculation of the cure amount, if any, that would be owing to such counterparty if the Debtors decided to assume or assume and assign such executory contract or unexpired lease (each a "Cure Notice," substantially in the form of Exhibit D attached to the Motion). Any counterparty that objects to the amount set forth in the Cure Notice must file and serve an objection (a "Cure Objection"), which Cure Objection must be served on (a) counsel to the Debtors, (1) Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 36th floor, New York, New York 10017, Attn: Robert Feinstein and (2) Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, CA 94111, Attn: Debra I. Grassgreen and Joshua M. Fried; (b) counsel to the DIP Lenders, (1) Schulte Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, NY 10022 (attn: Adam Harris and David Hillman) and (2) Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, DE 19801 (attn: Adam G. Landis); (d) counsel to the DIP Agent and Senior Notes Agent, (1) Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, NY 10007 (attn: George W. Shuster, Jr.) and (2) Morris James LLP, 500 Delaware Avenue, Suite 1500, Wilmington, DE 19801 (attn: Brett D. Fallon); (e) counsel to the proposed buyer (1) Akin Gump Strauss Hauer & Feld, 2029 Century Park East, Suite 2400, Los Angeles, CA 90067-3010, Attn: David Simonds, and (2) Akin Gump Strauss Hauer & Feld; One Bryant Park New York, NY 10036-6745, Attn: Adam Weinstein; and (f) the Office of the United States Trustee, 844 King Street, Suite 2207 Lockbox 35, Wilmington DE 19801 (collectively, the "Notice Parties"), such that it is actually

received **no later than 4:00 p.m. prevailing Eastern Time on September 21, 2012** (the "Cure Objection Deadline"). If a counterparty does not timely file and serve a Cure Objection that party will be forever barred from objecting to the Debtors' proposed cure amount. Where a counterparty to Assigned Contract files a timely Cure Objection asserting a higher cure amount than the amount listed in the Cure Notice and the parties are unable to consensually resolve the dispute, the amount to be paid under section 365 of the Bankruptcy Code, if any, with respect to such objection will be determined at a hearing to be requested by the Debtors or by the objecting counterparty, which hearing must occur not later than the Sale Hearing.

9. By September 14, 2012, the Debtors will send a notice via first class mail to each counterparty to a contract designated as an Assigned Contract in the Successful Bid or the Backup Bid (a "Contract Assignment Notice"). The Contract Assignment Notice will contain a description of the Assigned Contract and the proposed cure amount based upon the Debtors' books and records. Any counterparty that objects to the assignment of its Assigned Contract or to the adequate assurance of the Successful Bidder's or Backup Bidder's ability to perform must file and serve on the Notice Parties an objection (a "Contract Assignment Objection") such that it is actually received by the Notice Parties on or before 4:00 p.m. prevailing Eastern Time on September 21, 2012. If a counterparty to an Assigned Contract does not timely file and serve a Contract Assignment Objection that party will be forever barred from objecting to the assignment of their Assigned Contract or to the Successful Bidder's or Backup Bidder's adequate assurance of future performance.

10. The Sale Hearing will be conducted at 12:00 [a][p].m. (prevailing Eastern Time) on **September 24, 2012.** The Debtors will seek entry of an order of the Court at the Sale Hearing approving and authorizing the sale of the Acquired Assets to the Successful Bidder. Subject to (i) the Debtors' meeting their obligations with respect to the Chapter 11 Milestones in the DIP Term Sheet, or otherwise with consent of the Lender Parties, and (ii) the deadlines set forth in the Purchase Agreement, or with the consent of the Buyer, the Sale Hearing may be continued from time to time without further notice other than such announcement announced in open court or a notice of adjournment filed with the Court and served on the Notice Parties.

11. Objections, if any, to the relief requested in the Motion relating to the Sale must: (a) be in writing, (b) be filed with the Court and served on the Notice Parties so that it is actually received by the Notice Parties **no later than 4:00 p.m. (prevailing Eastern Time) on September 21, 2012**.

12. To the extent that any chapter 11 plan confirmed in these cases or any order confirming any such plan or any other order in these cases (including any order entered after any conversion of these cases to cases under chapter 7 of the Bankruptcy Code) alters, conflicts with or derogates from the provisions of this Order, the provisions of the Order shall control. The Debtors' obligations under this Order, the provision of the Order and the portions of the Purchase Agreement pertaining to the Bid Procedures shall survive confirmation of any plan of reorganization or discharge of claims thereunder and shall be binding upon the Debtors, and the reorganized or reconstituted debtors, as the case may, after the effective date of a

confirmed plan or plans in the Debtors' cases or the consummation of any sale to any party other than the Buyer.

13. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

15. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Date: September 12, 2012

The Honorable Brendan Shannon
United States Bankruptcy Judge