UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| DDMG Estate, *et al.*, | Case No.: 12-12568 (BLS) |
| Debtors. [1] | (Jointly Administered) |

**STATEMENT OF FINANCIAL AFFAIRS FOR
DD ESTATE (FKA DIGITAL DOMAIN) (CASE NO. 12-12567)**

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal or foreign taxpayer identification number, if any, are as follows: D2 Software, Inc. (5602); DDH Land Holdings, LLC; DDH Land Holdings II, LLC; DD Estate (8392); DDI Estate (6275); DDInt Estate (9344); DDMG Estate (9505); DDPI Estate (5757); DDPVC Estate (6450); DDSG Estate (4526); DDT Estate (6809); DDMI Estate (2113); Tradition Studios, Inc. (4883); Tembo Productions, Inc. (7634). The Debtors' mailing address is 10250 SW Village Parkway, Port St. Lucie, Florida 34987.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| DDMG Estate, *et al.*, | Case No. 12-12568 (BLS) |
| Debtors.[1] | (Jointly Administered) |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTORS' SCHEDULES AND STATEMENTS

The Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") filed by:  D2 Software, Inc.; DDH Land Holdings, LLC; DDH Land Holdings II, LLC; DD Estate (f/k/a Digital Domain); DDI Estate (f/k/a Digital Domain Institute, Inc.); DDInt Estate (f/k/a Digital Domain International, Inc.); DDMG Estate (f/k/a Digital Domain Media Group, Inc.); DDPI Estate (f/k/a Digital Domain Productions, Inc.); DDPVC Estate (f/k/a Digital Domain Productions (Vancouver) Ltd.); DDSG Estate (Digital Domain Stereo Group, Inc.); DDT Estate (f/k/a Digital Domain Tactical, Inc.); DDMI Estate (f/k/a Mothership Media, Inc.); Tradition Studios, Inc.; and Tembo Productions, Inc. (collectively, the "Debtors") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") were prepared pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") by management of the Debtors and their professionals and are unaudited. The Schedules and Statements remain subject to further review and verification by the Debtors. Subsequent information may result in material changes to the Schedules and Statements, and because the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, there can be no assurance that these Schedules and Statements are complete.  The Debtors reserve their right to amend their Schedules and Statements from time to time as may be necessary or appropriate, including the right to dispute or otherwise assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, liability or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated."  Furthermore, nothing contained in the Schedules and Statements shall constitute

---

[1]The Debtors in these proceedings and the last four digits of each Debtor's federal or foreign taxpayer identification number, if any, are as follows: D2 Software, Inc. (5602); DDH Land Holdings, LLC; DDH Land Holdings II, LLC; DD Estate (8392); DDI Estate (6275); DDInt Estate (9344); DDMG Estate (9505); DDPI Estate (5757); DDPVC Estate (6450); DDSG Estate (4526); DDT Estate (6809); DDMI Estate (2113); Tradition Studios, Inc. (4883); Tembo Productions, Inc. (7634).  The Debtors' mailing address is 10250 SW Village Parkway, Port St. Lucie, Florida 34987.

a waiver of rights with respect to these chapter 11 cases and specifically with respect to any issues involving substantive consolidation, equitable subordination or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.  These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding Debtors' Schedules and Statements (the "Global Notes") are incorporated by reference in, and constitute an integral part of, the Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.

1.	Description of the Cases and "As Of" Information Date.  On September 11, 2012 (the "Petition Date"), the Debtors each filed a voluntary petition with the Bankruptcy Court for reorganization under chapter 11 of the Bankruptcy Code.  The Debtors are currently operating their businesses as debtors in possession pursuant to the Bankruptcy Code.  The cases have been consolidated for the purpose of joint administration under case number 12-12568 (BLS).  On September 18, 2012, the Office of the United States Trustee appointed an official committee of unsecured creditors.  On September 25, 2012, the Court entered the *Order (a) Approving Purchase Agreement Among Debtors and Buyer, (b) Authorizing and Approving the Sale of Certain Assets Free and Clear of all Liens, Claims, Encumbrances, and Interests, (c) Authorizing and Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection Therewith, (d) Authorizing and Approving Entry Into the Patent License; and (e) Granting Related Relief* [Docket No. 223] (the "Sale Order"), authorizing the sale of substantially all of the Debtors' California and Vancouver assets to Galloping Horse America, LLC (the "Buyer") in accordance with the Asset Purchase Agreement between the Buyer and the Debtors, dated as of September 24, 2012 (the "APA").  The sale to the Buyer closed on September 27, 2012.  All asset and liability information, except where otherwise noted, is as of September 10, 2012.

2.	Basis of Presentation/ Summary of Significant Reporting Policies.  For financial reporting purposes, the Debtors prepare consolidated financial statements that are filed with the Securities and Exchange Commission (the "SEC") and that are audited annually.  Although these Schedules and Statements may, at times, incorporate information prepared in accordance with generally accepted accounting principles ("GAAP"), the Statements and Schedules neither purport to represent nor reconcile to financial statements otherwise prepared and/or distributed by the Debtors in accordance with GAAP or otherwise, nor are they intended to reconcile to the financial statements filed by the Debtors with the SEC.

Prior to the Petition Date, the Debtors' Vancouver, British Columbia and California digital production operations (the "California/Vancouver Operations") were fully integrated and functionally operated together under Digital Domain Productions, Inc. ("DDPI")[2] and independently of the Debtors' Florida operations (the "Florida Operations") under Digital Domain Media Group, Inc. ("DDMG").[3]  While efforts were made to present the assets and

---

[2] DDPI's Debtor subsidiaries are:  D2 Software, Inc.; Digital Domain Productions (Vancouver) Ltd.; and Mothership Media, Inc.
[3] DDMG's Debtor subsidiaries are: Digital Domain; DDH Land Holdings, LLC; DDH Land Holdings II, LLC; Digital Domain Institute, Inc.; Digital Domain International, Inc.; Digital Domain Tactical, Inc.; Tradition Studios, Inc.; and Tembo Productions, Inc.

liabilities of Debtors engaged in the Florida Operations on a non-consolidated basis, unless otherwise indicated, such assets and liabilities are set forth on DDMG's Schedules and Statements.  The Schedules and Statements for DDPI and its subsidiaries engaged in the California/Vancouver Operations, except where otherwise indicated, reflect the assets and liabilities of such Debtors on a non-consolidated basis.  Based on the foregoing, it is possible that not all assets and liabilities have been recorded at the correct legal entity on the Schedules and Statements.  Therefore, for a complete understanding of the assets and liabilities of any Debtor, the reader should review the Schedules and Statements for *all* Debtors.

In addition, the Debtors maintained two separate cash management systems for each of the California/Vancouver Operations and the Florida Operations that operated virtually independently of one another.  The Debtors used these two  consolidated cash management systems to collect substantially all receipts and pay liabilities and expenses for the two operating divisions.  In certain instances, the recording of cash transactions is governed by agreements between the Debtors.  Accordingly, cash receipts and disbursements for all Debtors may be recorded on the books and records of DDMG or DDPI, rather than their applicable Debtor subsidiaries.  Intercompany journal entries are utilized to record transactions affecting revenues, expenses, assets and liabilities in the proper Debtor location.  Although efforts have been made to attribute payments to the correct legal entity, payments made have been listed in certain instances by the entity making such payment notwithstanding that many such payments may have been made on behalf of another entity.  Therefore, the reader should review the Schedules and Statements for all Debtors for a complete understanding of all payments made by the Debtors.

The Debtors reserve their right to modify or amend their Schedules and Statements to attribute payments, assets and/or liabilities to a different legal entity.

3.           <u>Currency</u>.  Unless otherwise indicated, all amounts are reflected in U.S. dollars, and, as applicable, translated from other currencies using exchange rates as of September 10, 2012.

4.           <u>Intercompany Claims</u>.  Claims between Debtors have not been scheduled on either Schedule B (receivables) or Schedule F (payables).  Prior to the Petition Date, the Debtors routinely engaged in intercompany transactions resulting in intercompany accounts payable and receivable.  The respective intercompany accounts payable and receivable as of the Petition Date have not been quantified or characterized.  Accordingly, intercompany account balances are not listed in the Schedules.

5.           <u>Book Value</u>.  Unless otherwise noted, assets and liabilities of each Debtor are shown on the basis of the net book value as of September 10, 2012, in accordance with the Debtors' books and records.  Thus, unless otherwise noted, the Schedules and Statements reflect the carrying value of the assets and liabilities as recorded on the Debtors' books, and are not based upon any estimate of their current market value.

6.           <u>Estimates</u>.  To close the books and records of the Debtors as of the Petition Date, management was required to make estimates, allocations and assumptions that affect the

amounts of assets and liabilities as of September 10, 2012 and reported revenue and expenses for the period ending September 10, 2012.

7.          Property and Equipment.  Interest expenses related to the acquisition of certain property and equipment are capitalized as an additional cost of the asset.  Costs of major improvements that enhance the usefulness of the asset are capitalized and depreciated over the estimated useful life of the asset or the modifications, whichever is less.  Depreciation expense for principal asset classifications is calculated on a straightline basis to an estimated residual value.  Leasehold improvements are depreciated over the lesser of the term of the lease or the life of the improvement.

8.          Leases.  The Debtors have not included in the Schedules and Statements the future obligations of any leases.  To the extent that there was an amount due as of the Petition Date, the creditor has been included in Schedule F.  All lease agreements have been included in Schedule G, subject to the reservation of rights set forth in paragraph 15 herein.

9.          Recoveries and Causes of Action.  Despite reasonable efforts to identify all known assets, the Debtors may not have set forth all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code, setoff rights,  and actions under other relevant non-bankruptcy laws to recover assets.  The Debtors reserve all of their rights with respect to any claims, causes of action, setoff rights, or avoidance actions they may have and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claim, causes of action or avoidance action or in any way prejudice or impair the assertion of such claims.

10.         Schedule B.  Unless otherwise noted, all of the amounts listed on Schedule B represent the value of the Debtors' assets as reflected in the Debtors' books and records (net of depreciation or amortization where applicable).  For the bank accounts, the values are as of the Petition Date.  In some instances, the assets are also net of reserves.  The Debtors have performed no independent review of the value of these assets.  The actual value of the assets listed may differ significantly from the amounts reflected in the Debtor's books and records.

11.         Schedule D: Creditors Holding Secured Claims.  Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor.  Certain claims are listed on Schedule D as "disputed" because the value of the collateral securing such claims is unknown.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any inter-company agreement) related to such creditor's claim.  In certain instances, a Debtor may be a co-obligor, co-mortgagor or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.  The descriptions provided in Schedule D are intended only to be a summary.  Reference

to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

12.          Schedule E: Creditors Holding Unsecured Priority Claims.

(a)  Tax Claims.  The Debtors are required to file tax returns and various other tax related forms with many taxing authorities.  These filings commonly result in either tax refunds or additional tax related liabilities.

Schedule E contains the Debtor's best estimate of all of the potential priority claims against the Debtors' estates held by governmental and quasi-governmental entities.  The Debtors have not determined whether, and to what extent, any of the creditors identified on Schedule E in fact are entitled to priority under Section 507 of the Bankruptcy Code.  The Debtors reserve their rights to assert that claims identified on Schedule E are not claims of governmental entities and/or that such claims are not entitled to priority.

(b)  Employee Claims.  The Court entered the:  (i) *Interim Order: (I) Authorizing the Debtors to Pay Prepetition (A) Wages, Salaries, and Other Compensation, (B) Employee Medical and Similar Benefits, and (C) Reimbursable Employee Expenses; and (II) Authorizing and Directing Banks and Other Financial Institutions to Pay All Checks and Electronic Payment Requests Made by the Debtors Relating to the Foregoing* [Docket No. 49] on September 12, 2012; and (ii) *Final Order: (I) Authorizing the Debtors to Pay Prepetition (A) Wages, Salaries, and Other Compensation, (B) Employee Medical and Similar Benefits, and (C) Reimbursable Employee Expenses; and (II) Authorizing and Directing Banks and Other Financial Institutions to Pay All Checks and Electronic Payment Requests Made by the Debtors Relating to the Foregoing* [Docket No. 324] on October 22, 2012 (collectively, the "Wage Orders"). The Wage Orders authorize the Debtors to pay and/or honor the Prepetition Employee Obligations in accordance with the Debtors' stated policies and in the ordinary course of business.  In addition, pursuant to the APA and Sale Order, the Buyer has paid certain prepetition obligations to certain California employees.  Thus, Schedule E does not list accrued wages or other obligations paid in accordance with the Wage Orders or by the Buyer.  All remaining outstanding accrued vacation for terminated employees is listed on Schedule E, unless a claim therefor has been paid up to the $11,725 cap, in which case the claim in excess of such cap is listed on Schedule F.

13.          Schedule F: Creditors Holding Unsecured Non-Priority Claims.  Schedule F does not include certain deferred charges, deferred liabilities or general reserves.  Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, they are reflected on the Debtors' books and records as required in accordance with GAAP.  In addition, Schedule F does not include claims that have been or will be paid by the Buyer pursuant to the APA and Sale Order.

The claims listed in Schedule F arose or were incurred on various dates.  In certain instances, the date on which a claim arose is an open issue of fact.  While commercially reasonable efforts have been made, determining the date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule F.

14.        Schedule G: Executory Contracts and Unexpired Leases.  While commercially reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions or over-inclusions may have occurred.  The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.  The contracts, agreements and leases listed on Schedule G may not have taken effect or be binding on any party and may have expired or been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements which may not be listed therein.  In addition certain contracts and leases set forth in Schedule G (i) have been or will be assumed and assigned to the Buyer pursuant to the APA and Sale Order or (ii) have been or will be rejected pursuant to an order of the Bankruptcy Court.

Certain of the real property leases and contracts listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth on Schedule G.

Certain of the agreements listed on Schedule G may be in the nature of conditional agreements or secured financings.  The presence of these agreements or any other agreements on Schedule G does not constitute an admission that any such agreement is an executory contract or unexpired lease.

The Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on the Schedule, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument.  Certain executory agreements may not have been memorialized in writing and could be subject to dispute.  Generally, executory agreements that are oral in nature have not been included in the Schedule.  Additionally, the Debtors may be parties to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps and other miscellaneous agreements.  Such agreements, if any, may not be set forth in Schedule G.

Certain of the contracts, agreements and leases listed on Schedule G may have been entered into by more than one of the Debtors.  Such contracts, agreements and leases are listed on Schedule G of each such Debtor.

15.        Schedule H: Co-Debtors.  In the ordinary course of their businesses, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their businesses.  These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties.  Because such claims are listed

elsewhere in the Schedules and Statements, they have not been set forth individually on Schedule H.

Schedule H also reflects guarantees by various Debtors. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. Further, the Debtors believe that certain of the guarantees reflected on Schedule H may have expired or are no longer enforceable. Thus, the Debtors reserve their right to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or are unenforceable.

Schedule H is furnished for informational purposes only to apprise parties in interest of co-debtor relationships of the Debtors as of the Petition Date and is derived from documents in the possession of the Debtors. It is not an admission or recognition that any co-debtor liability exists or existed.

16.        Umbrella Agreements. A number of contracts listed in the Schedules and Statements are umbrella agreements that cover some or all of the Debtors. Such agreements have been listed in the Schedules and Statements of the Debtor that was the main signatory to the agreement, although more than one of the Debtors may be obligated under the agreement.

17.        Claims Paid Pursuant to Court Orders. Certain of the Debtors' Schedules and Statements list creditors and set forth the Debtors' estimate of the claims of creditors as of the Petition Date. The Bankruptcy Court has authorized but not obligated the Debtors to pay various pre-petition claims, and certain claims may have been or will be paid by the Buyer. Accordingly, the actual unpaid claims of creditors that may be allowed in these cases may differ from the amounts set forth in the Schedules and Statements. *See also* Global Notes 16 and 17.

18.        Insiders. For the purposes of the Schedules and Statements, the Debtors define "insiders" pursuant to section 101(31) as (a) directors, (b) officers, (c) those in control of the Debtors, (d) relatives of directors, officers, or persons in control of the Debtors and (e) non-debtor affiliates. Payments to insiders listed in (a) through (d) above are set forth in response to Question 3.c of the Statements. The Debtors note that, although partnerships in which a debtor is a general partner may be considered insiders under section 101(31)(B) of the Bankruptcy Code, the Debtors do not admit that the joint ventures in which a non-debtor affiliate serves as a general partner should be considered insiders in these cases. These joint ventures are with unrelated third parties and are governed by detailed operating agreements. Consequently, the Debtors do not believe that these joint ventures are insiders.

Persons listed as "insiders" have been included for informational purposes only. The Debtors do not take any position with respect to (a) such person's influence over the control of the Debtors, (b) the management responsibilities or functions of such individual, (c) the decision-making or corporate authority of such individual or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law.

The Debtors have included all payments and awards made over the twelve months preceding the filing to any individual deemed an insider. Included in the value reflected are: cash payments to

or for the benefit of the insider; restricted stock grants valued at the closing price of the stock at the grant date; and stock options valued at the Black-Scholes value on the date of the grant.

19.        <u>Excluded Assets and Liabilities</u>.  The Debtors have excluded certain categories of assets and liabilities from the Statements and Schedules, including accrued salaries, employee benefit accruals, and deferred gains.  Other immaterial assets and liabilities may also have been excluded.

20.        <u>Litigation</u>.  Certain litigation actions reflected as claims against one Debtor may relate to any of the other Debtors.  The Debtors have made commercially reasonable efforts to record these actions in the Schedules and Statements of the Debtor that is party to the action.

21.        <u>Disputed, Contingent and/or Unliquidated Claims</u>.  Schedules D, E and F permit each of the Debtors to designate a claim as disputed, contingent and/or unliquidated.  A failure to designate a claim on any of these Schedules as disputed, contingent and/or unliquidated does not constitute an admission that such claim is not subject to objection.  The Debtors reserve the right to dispute, or assert offsets or defenses to, any claim reflected on these Schedules as to amount, liability or status.

22.        <u>Guarantees</u>.  There are agreements with certain of the Debtors that are guaranteed by one or more of the other Debtors.  Guarantees have generally been included in Schedules of the guarantor Debtor as "contingent" and "unliquidated" unless otherwise specified.

23.        <u>Transfers Made Within 90 Days of Petition Date</u>.  These payments include payroll and payroll related expenses paid to employees.  The response to Question 3.b of the Statements lists all transfers made to any party within 90 days immediately preceding the Petition Date, whether or not the transferee is a creditor of any of the Debtors.  Accordingly, the listing of any transfer in response to Question 3.b of the Statements does not constitute an admission that the transferee of such transfer is a creditor of any of the Debtors.

24.        <u>Setoffs</u>.  The Debtors routinely incur setoffs from third parties during the ordinary course of business.  Setoffs in the ordinary course can result from various routine transactions. Certain of these constitute normal setoffs consistent with the Debtors' ordinary course of business.  In such instances, such ordinary course setoffs are excluded from the Debtors' responses to Question 13 of the Statements.  The Debtors reserve all rights to enforce or challenge, as the case may be, any setoffs that have been or may be asserted.

B7 (Official Form 7) (04/10)

# FORM 7 - STATEMENT OF FINANCIAL AFFAIRS
# UNITED STATES BANKRUPTCY COURT
### District of Delaware

In re: DD Estate (FKA Digital Domain)                                      Case No. 12-12567 (BLS)

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following:  an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time.  An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

### 1. Income from employment or operation of business
State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NONE   AMOUNT                                                          SOURCE

X

**2. Income other than from employment or operation of business**

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | AMOUNT | SOURCE |
|------|--------|--------|
| X | | |

**3. Payment to creditors**

*Complete a. or b., as appropriate, and c.*

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.

| NONE | NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|------|------------------------------|-------------------|-------------|---------------------|
| X | | | | |

b. *Debtor whose debts are not primarily consumer debts*: List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

*  *Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

| NONE | NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|------|------------------------------|------------------------------|------------------------------------|---------------------|
| X | | | | |

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|------|----------------------------------------------------------|-----------------|-------------|---------------------|
| X | | | | |

**4. Suits and administrative proceedings, executions, garnishments and attachments**

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|------|---------------------------------|----------------------|------------------------------|------------------------|
| X | | | | |

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|------|------------------------------------------------------------------|------------------|------------------------------------|
| X | | | |

**5. Repossessions, foreclosures and returns**

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|------|-----------------------------------------|------------------------------------------------------------|------------------------------------|
| X | | | |

**6. Assignments and receiverships**

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|------|-------------------------------|---------------------|------------------------------------|
| X | | | |

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|------|-------------------------------|-----------------------------------------------|----------------|------------------------------------|
| X | | | | |

**7. Gifts**

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|------|---------------------------------------------|--------------------------------|---------------|--------------------------------|
| X | | | | |

**8. Losses**

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCE AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|------|-----------------------------------|------------------------------------------------------------------------------------------------------|--------------|
| X | | | |

**9. Payments related to debt counseling or bankruptcy**

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|------|---------------------------|-----------------------------------------------------|------------------------------------------------------|
| | See SOFA 9 Attachment | | |

**10. Other transfers**

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|------|--------------------------------------------------------|------|--------------------------------------------------|
| X | | | |

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NONE | NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|------|-------------------------------|------------------------|---------------------------------------------------------------------------------------|
| X | | | |

**11. Closed financial accounts**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|------|----------------------------------|----------------------------------------------------------------------------------|-------------------------------------|
| X | | | |

**12. Safe deposit boxes**

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO THE BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|------|------|------|------|------|
| X | | | | |

**13. Setoffs**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|------|------|------|------|
| X | | | |

**14. Property held for another person**

List all property owned by another person that the debtor holds or controls.

| NONE | NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|------|------|------|------|
| X | | | |

**15. Prior address of debtor**

If the debtor has moved within the **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| NONE | ADDRESS | NAME USED | DATES OF OCCUPANCY |
|------|------|------|------|
| | 362/344 Main Street Los Angeles, CA 90291 | Digital Domain | 06/01/2002 - 04/01/2011 |

**16. Spouses and Former Spouses**

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

| NONE | NAME |
|------|------|
| X | |

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| NONE | SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|------|-----------------------|---------------------------------------|----------------|-------------------|
| X    |                       |                                       |                |                   |

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| NONE | SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|------|-----------------------|---------------------------------------|----------------|-------------------|
| X    |                       |                                       |                |                   |

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NONE | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|------|---------------------------------------|---------------|-----------------------|
| X    |                                       |               |                       |

**18. Nature, location and name of business**

a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full – or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

> *If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

> *If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NONE | NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|---|
|  | Digital Domain Productions, Inc. | 95-4525757 | 300 Rose Avenue Venice, CA 90291 | Visual Effects - Feature Films and Commercials, Visual Effects - Virtual Performance | April 1993 - Current |
|  | The Foundry | Not Applicable | The Communications Bldg, 6th Fl, 48 Leicester Sq London,  WC2H 7LT [UK] | Visual Effects Software Development | March 2007 - June 2009 |

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NONE | NAME | ADDRESS |
|---|---|---|
| X |  |  |

> The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

> *(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NONE | NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
|  | See SOFA 19a Attachment |  |

b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NONE | NAME | ADDRESS | DATES SERVICES RENDERED |
|------|------|---------|-------------------------|
|  | SingerLewak, LLP | 10960 Wilshire Blvd.<br>7th Floor<br>Los Angeles, CA 90024 | Certified Public Accountants - 2008 to<br>August 2012 |

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NONE | NAME | ADDRESS |
|------|------|---------|
|  | See SOFA 19c Attachment | |

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS | DATE ISSUED |
|------|------------------|-------------|
|  | Falcon Mezzanine Partners II, LLP<br>21 Customes House Street<br>10th Floor<br>Boston, MA 02110 | June 2006 - December 2010 |

## 20. Inventories

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| NONE | DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY<br>(Specify cost, market or other basis) |
|------|-------------------|----------------------|----------------------------------------------------------------------|
| X | | | |

b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| NONE | DATE OF INVENTORY | NAME AND ADDRESS OF CUSTODIAN OF INVENTORY RECORDS |
|------|-------------------|-----------------------------------------------------|
| X | | |

## 21. Current Partners, Officers, Directors and Shareholders

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NONE | NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|------|------------------|--------------------|-----------------------|
| X | | | |

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NONE | NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK<br>OWNERSHIP |
|------|------------------|-------|----------------------------------------------|
|  | See SOFA 21b Attachment | | |

## 22. Former partners, officers, directors and shareholders

a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NONE | NAME | ADDRESS | DATE OF WITHDRAWAL |
|------|------|---------|---------------------|
| X | | | |

b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|---|
| | See SOFA 22b Attachment | | |

**23. Withdrawals from a partnership or distributions by a corporation**
If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| X | | | |

**24. Tax Consolidation Group.**
If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NONE | NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER(EIN) |
|---|---|---|
| X | | |

**25. Pension Funds**
If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

| NONE | NAME OF PENSION FUND | TAXPAYER-IDENTIFICATION NUMBER(EIN) |
|---|---|---|
| X | | |

**In re: DD Estate (FKA Digital Domain)**
**Case No. 12-12567**
Attachment 9
Payments related to debt counseling or bankruptcy

| Name of payee | Address 1 | Address 2 | City | State | Zip | Name of payor if other than debtor | Date of payment | Amount of money |
|---|---|---|---|---|---|---|---|---|
| Cadwalder, Wickersham & Taft, LLP | One World Financial Center | | New York | NY | 10281 | DDMG Estate (FKA Digital Domain Media Group, Inc.) | 9/4/2012 | $100,000.00 |
| Cadwalder, Wickersham & Taft, LLP | One World Financial Center | | New York | NY | 10281 | DDMG Estate (FKA Digital Domain Media Group, Inc.) | 9/6/2012 | $75,000.00 |
| Cadwalder, Wickersham & Taft, LLP | One World Financial Center | | New York | NY | 10281 | DDMG Estate (FKA Digital Domain Media Group, Inc.) | 9/7/2012 | $30,000.00 |
| FTI Consulting, Inc. | 909 Commerce Road | | Annapolis | MD | 21401 | DDMG Estate (FKA Digital Domain Media Group, Inc.) | 8/20/2012 | $150,000.00 |
| FTI Consulting, Inc. | 909 Commerce Road | | Annapolis | MD | 21401 | DDMG Estate (FKA Digital Domain Media Group, Inc.) | 9/4/2012 | $100,000.00 |
| FTI Consulting, Inc. | 909 Commerce Road | | Annapolis | MD | 21401 | DDMG Estate (FKA Digital Domain Media Group, Inc.) | 9/5/2012 | $45,000.00 |
| FTI Consulting, Inc. | 909 Commerce Road | | Annapolis | MD | 21401 | DDMG Estate (FKA Digital Domain Media Group, Inc.) | 9/6/2012 | $75,000.00 |
| FTI Consulting, Inc. | 909 Commerce Road | | Annapolis | MD | 21401 | DDMG Estate (FKA Digital Domain Media Group, Inc.) | 9/7/2012 | $30,000.00 |
| FTI Consulting, Inc. | 909 Commerce Road | | Annapolis | MD | 21401 | Tenor Capital Management Company LP | 9/10/2012 | $33,214.29 |
| FTI Consulting, Inc. | 909 Commerce Road | | Annapolis | MD | 21401 | Hartz Capital Holdings LLC | 9/10/2012 | $9,000.00 |
| FTI Consulting, Inc. | 909 Commerce Road | | Annapolis | MD | 21401 | Empery Asset Master Ltd | 9/10/2012 | $1,714.29 |
| Kurtzman Carson Consultants, LLC | 599 Lexington Ave | 39th Floor | New York | NY | 10022 | DDMG Estate (FKA Digital Domain Media Group, Inc.) | 9/6/2012 | $15,000.00 |
| Kurtzman Carson Consultants, LLC | 599 Lexington Ave | 39th Floor | New York | NY | 10022 | DDMG Estate (FKA Digital Domain Media Group, Inc.) | 9/7/2012 | $8,300.00 |
| Pachulski, Stang, Ziehl & Jones | 780 Third Ave | 36th Floor | New York | NY | 10017 | DDMG Estate (FKA Digital Domain Media Group, Inc.) | 9/4/2012 | $50,000.00 |
| Pachulski, Stang, Ziehl & Jones | 780 Third Ave | 36th Floor | New York | NY | 10017 | DDMG Estate (FKA Digital Domain Media Group, Inc.) | 9/6/2012 | $100,000.00 |
| Pachulski, Stang, Ziehl & Jones | 780 Third Ave | 36th Floor | New York | NY | 10017 | DDMG Estate (FKA Digital Domain Media Group, Inc.) | 9/7/2012 | $30,000.00 |
| Pachulski, Stang, Ziehl & Jones | 780 Third Ave | 36th Floor | New York | NY | 10017 | DDMG Estate (FKA Digital Domain Media Group, Inc.) | 9/7/2012 | $15,000.00 |
| Pachulski, Stang, Ziehl & Jones | 780 Third Ave | 36th Floor | New York | NY | 10017 | Tenor Capital Management Company LP | 9/10/2012 | $88,571.43 |
| Pachulski, Stang, Ziehl & Jones | 780 Third Ave | 36th Floor | New York | NY | 10017 | Hartz Capital Holdings LLC | 9/10/2012 | $24,000.00 |
| Pachulski, Stang, Ziehl & Jones | 780 Third Ave | 36th Floor | New York | NY | 10017 | Hudson Bay Master Fund | 9/10/2012 | $82,857.14 |
| Pachulski, Stang, Ziehl & Jones | 780 Third Ave | 36th Floor | New York | NY | 10017 | Empery Asset Master Ltd | 9/10/2012 | $4,571.73 |

**In re: DD Estate (FKA Digital Domain)**
**Case No. 12-12567**
Attachment 19a
Books, records and financial statements

| Name | Address 1 | City | State | Zip | Title | Dates services rendered |
|------|-----------|------|-------|-----|-------|-------------------------|
| Adrian Foltz | 10250 SW Village Parkway | Port St. Lucie | FL | 34987 | VP of Finance (Former / Resigned) | 10/19/2009 to 10/19/2012 |
| Bernard Vanderfin | 10250 SW Village Parkway | Port St. Lucie | FL | 34987 | Corporate Controller (Former / Resigned) | 08/23/2010 to 10/19/2012 |
| John Nichols | 10250 SW Village Parkway | Port St. Lucie | FL | 34987 | Chief Financial Officer (Former / Resigned) | 02/22/2012 to 10/12/2012 |
| Jonathan Teaford | 10250 SW Village Parkway | Port St. Lucie | FL | 34987 | CEO Digital Domain Institute, Inc. (Former / Terminated) | 03/08/2009 to 09/07/2012 |

**In re: DD Estate (FKA Digital Domain)**
**Case No. 12-12567**
Attachment 19c
Books, records and financial statements - Firms or individuals in possession of books and records

| Name | Address 1 | City | State | Zip | Title |
|---|---|---|---|---|---|
| Adrian Foltz | 10250 SW Village Parkway | Port St. Lucie | FL | 34987 | VP of Finance (Resigned on 10/19/12) |
| Bernard Vanderfin | 10250 SW Village Parkway | Port St. Lucie | FL | 34987 | Corporate Controller (Resigned on 10/19/12) |
| John Nichols | 10250 SW Village Parkway | Port St. Lucie | FL | 34987 | Chief Financial Officer (Resigned on 10/12/12) |
| Kenneth Hudson | 10250 SW Village Parkway | Port St. Lucie | FL | 34987 | Assistant Controller |
| Nicholas Ruseico | 10250 SW Village Parkway | Port St. Lucie | FL | 34987 | Finance Manager |

**In re: DD Estate (FKA Digital Domain)**
**Case No. 12-12567**
Attachment 21b
Current Partners, Officers, Directors and Shareholders

| Name | Address 1 | City | State | Zip | Title | Nature and percentage of stock ownership |
|---|---|---|---|---|---|---|
| Charles Yu | 300 Rose Avenue | Venice | CA | 90291 | Assistant Secretary (Employment Ended 9/27/12) | 0.0% |
| Dennis Morrison | 300 Rose Avenue | Venice | CA | 90291 | Treasurer (Employment Ended 9/27/12) | 0.0% |
| Digital Domain Media Group, Inc. | 10250 SW Village Parkway | Port St. Lucie | FL | 34987 | Parent Company and Majority Stockholder | 86.9% |
| Ed Ulbrich | 300 Rose Avenue | Venice | CA | 90291 | President and Director (Employment Ended 9/27/12) | 0.0% |
| Jody Madden | 300 Rose Avenue | Venice | CA | 90291 | SVP, Global Studio Operations (Employment Ended 9/27/12) | 0.0% |
| John Debus | 10250 SW Village Parkway | Port St. Lucie | FL | 34987 | Associate Restructuring Officer | 0.0% |
| Joseph Gabriel | 300 Rose Avenue | Venice | CA | 90291 | VP, General Counsel and Secretary (Employment Ended 9/27/12) | 0.0% |
| Michael Katzenstein | 10250 SW Village Parkway | Port St. Lucie | FL | 34987 | Chief Restructuring Officer | 0.0% |
| Ranjit Mankekar | 10250 SW Village Parkway | Port St. Lucie | FL | 34987 | Associate Restructuring Officer | 0.0% |

**In re: DD Estate (FKA Digital Domain)**
**Case No. 12-12567**
Attachment 22b
Former Partners, Officers, Directors and Shareholders

| Name | Address 1 | City | State | Zip | Title | Date of termination |
|------|-----------|------|-------|-----|-------|---------------------|
| Cliff Plumer | 300 Rose Avenue | Venice | CA | 90291 | Chief Executive Officer | 9/2011 |
| Edwin Lunsford | 10250 SW Village Parkway | Port St. Lucie | FL | 34987 | Director | 9/7/2012 |
| James Peppler | 10250 SW Village Parkway | Port St. Lucie | FL | 34987 | Director | 9/7/2012 |
| John Textor | 10250 SW Village Parkway | Port St. Lucie | FL | 34987 | Chief Executive Officer (Chairman and Director) | 9/6/2012 |
| Jonathan Teaford | 10250 SW Village Parkway | Port St. Lucie | FL | 34987 | Director | 9/7/2012 |
| Kevin Weston | 300 Rose Avenue | Venice | CA | 90291 | Chief Financial Officer and Treasurer | 9/2011 |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re: DD Estate (FKA Digital Domain)                                     Case No. 12-12567 (BLS)

# Declaration Concerning Debtor's Statement of Financial Affairs

I, John T. Debus, Associate Restructuring Officer of the corporation named as debtor in this case, declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.


Date  _____11-5-12_____          Signature: _____

                                                          John T. Debus

                                                          **Associate Restructuring Officer**

-----------------------------------------------------------------------------------------------------------------------------------------

**Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C.§§ 152 and 3571.**