IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DDMG Estate, *et al.*,<br><br>                    Debtors.[1] | Chapter 11<br><br>Case No.: 12-12568 (BLS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: April 17, 2013 at 4:00 p.m.**<br>**Hearing Date: April 24, 2013 at 1:00 p.m.** |

## MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE EXCLUSIVITY PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby submit this motion (the "Motion") for the entry of an order (the "Order"), extending, pursuant to section 1121(d) of Title 11 of the United States Code (the "Bankruptcy Code"), the periods established in sections 1121(c)(2) and 1121(c)(3) of the Bankruptcy Code, within which only the Debtors may file a plan of reorganization and obtain acceptances of the plan of reorganization (the "Exclusivity Periods") by a period of approximately ninety (90) days. In support of the Motion, the Debtors respectfully state as follows:

## JURISDICTION

1.    This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

---

[1]    The Debtors in these proceedings and the last four digits of each Debtor's federal or foreign taxpayer identification number, if any, are as follows: D2 Software, Inc. (5602); DDH Land Holdings, LLC; DDH Land Holdings II, LLC; DD Estate (8392); DDI Estate (6275); DDInt Estate (9344); DDMG Estate (9505); DDPI Estate (5757); DDPVC Estate (6450); DDSG Estate (4526); DDT Estate (6809); DDMI Estate (2113); Tradition Studios, Inc. (4883); Tembo Productions, Inc. (7634). The Debtors' mailing address is 10250 SW Village Parkway, Port St. Lucie, Florida 34987.

## BACKGROUND

2.    On September 11, 2012 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases (the "Chapter 11 Cases") are being jointly administered for procedural purposes only. The Debtors are operating their business and managing their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or an examiner in these Chapter 11 Cases.

3.    The Debtors and their affiliates (collectively, the "Company") were leading providers of computer-generated imagery animation and digital visual effects for major motion picture movie studios and advertisers, and also operated, in partnership with Florida State University, an educational institute that offered programs in traditional motion picture arts and technical animation and special effects skills.

4.    The factual background regarding the Debtors, including their current and historical business operations and the events precipitating their chapter 11 filings, is set forth in detail in the *Declaration of Michael Katzenstein in Support of First Day Motions* [Docket No. 3] filed on September 11, 2012.

5.    On September 18, 2012, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee").

6.    On January 8, 2013, the Debtors filed the *Motion for Entry of an Order Extending the Exclusivity Periods to File a Chapter 11 Plan and Solicit Acceptances Pursuant to Section 1121 of the Bankruptcy Code* [Docket No. 773]. On February 5, 2013, the Court entered the *Order Granting Debtors' Motion for Entry of an Order Extending the Exclusivity Periods to*

2

*File a Chapter 11 Plan and Solicit Acceptances Pursuant to Section 1121 of the Bankruptcy Code* [Docket No. 829] (the "Extension Order"). Pursuant to the Extension Order, the Debtors' current Exclusivity Period for proposing a plan expires April 9, 2013 and the Debtors' current Exclusivity Period for obtaining acceptances of a proposed plan expires June 3, 2013.

## RELIEF REQUESTED

7.    By this Motion, the Debtors respectfully request that this Court, pursuant to section 1121(d) of the Bankruptcy Code, further extend the Exclusivity Period for filing a plan through and including July 8, 2013 and through and including September 3, 2013 for obtaining acceptances of a plan.

## BASIS FOR RELIEF REQUESTED

8.    Section 1121(d) of the Bankruptcy Code grants this Court authority to extend the Exclusivity Periods "for cause" after notice and a hearing. Although the term "cause" is not defined by the Bankruptcy Code, the legislative history indicates that it is to be viewed flexibly "in order to allow the debtor to reach an agreement." H.R. Rep. No. 95 95th Cong., 1st Sess. 232 (1997), *see also*, *In re McLean Indus., Inc.,* 87 B.R. 830, 833 (Bankr. S.D.N.Y. 1987) (quoting H.R. Rep. No. 595, 95th Cong., 2d Sess. 231 (1978), *reprinted in* 1978, U.S.C.C.A.N. 5963, 6190) and *In re Public Serv. Co. of New Hampshire*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[T]he legislative intent . . . [is] to promote maximum flexibility.")).

9.    To facilitate this legislative intent, a debtor should be given a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and non-financial information concerning the ramifications of any proposed plan for disclosure to creditors. *See, e.g.*, *In re McLean Indus., Inc.*, 87 B.R. at 833-34; *In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

3

10.    The decision to extend a debtor's exclusive period is committed to the sound discretion of the bankruptcy court, based upon the facts and circumstances of each particular case. *See, e.g., First American Bank of New York v. Southwest Gloves & Safety Equip., Inc.,* 64 B.R. 963, 965 (D. Del. 1986). Courts examine a number of factors to determine whether "cause" exists to extend the Exclusivity Periods. These factors include the following:

(a)    the size and complexity of the case;

(b)    the existence of good faith progress;

(c)    the necessity of sufficient time to negotiate and prepare adequate information;

(d)    whether creditors are prejudiced by the extension;

(e)    whether the debtor is paying its debts as they become due;

(f)    whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(g)    whether the debtor has made progress negotiating with creditors;

(h)    the length of time a case had been pending;

(i)    whether the debtor is seeking an extension to pressure creditors; and

(j)    whether or not unresolved contingencies exist.

*See McLean Indus.*, 87 B.R. at 834.

A.    **Cause Exists for an Extension of the Debtors' Exclusivity Periods**

11.    The Debtors submit that sufficient "cause" exists in these Chapter 11 Cases for extending the Exclusivity Periods as requested in this Motion, as several of the above-noted factors are present. First, these Chapter 11 Cases are complex, involving, among other things, contested sales of ongoing business units in the United States and Canada, the resolution

4

of disputed intellectual property rights, and contentious global settlements among various interested parties.

12.    Despite the large and complex nature of these Chapter 11 Cases, and while these Chapter 11 Cases have only been pending for seven months, the Debtors have successfully liquidated the vast majority of their non-litigation assets.  Specifically, the Debtors have sold (i) their ongoing California and Vancouver visual effects business operations, (ii) the majority of their intellectual property in 2-dimensional to 3-dimensional stereoscopic conversion technology, and (iii) the bulk of their personal property located in Florida.  Accordingly, the Debtors have been reduced to a liquidating shell company and are working with, among other parties, the Committee, to investigate various potential causes of actions that are property of the estate.

13.    Under the circumstances, good cause exists for the requested extensions. The requested additional time will permit the Debtors to finalize their ongoing litigation investigations and conclude the winding up of the Debtors' affairs.  In light of the relative short time that these Chapter 11 Cases have been pending and the myriad of pressing matters with which the Debtors have had to deal with, including attending to the appeal of the sale of the Debtors' intellectual property, the Debtors have not had sufficient time to prepare a plan or the adequate disclosures to accompany a plan.  The Debtors are not seeking an extension of time to pressure the creditors, but to resolve pending matters and to continue to evaluate available options relating to the resolution of these Chapter 11 Cases.  Although the Debtors would prefer to resolve these Chapter 11 Cases pursuant to a confirmed plan on a consensual basis with all of the parties in interest, the Debtors are uncertain whether certain critical parties in interest will support this course of action.  Accordingly, the Debtors seek an extension to, among other

5

things, continue negotiations with parties in interest regarding a consensual resolution of these Chapter 11 Cases. Furthermore, the Committee supports the relief requested herein.

14.    At this time, it is appropriate for the Debtors to continue exclusivity. Accordingly, by this Motion, the Debtors seek to extend their Exclusive Periods for an additional ninety (90) days, without prejudice to the Debtors' rights to request further extensions. The Debtors submit that the extension is reasonable and appropriate under the circumstances and should be granted as being in the best interests of the Debtors' estates, their creditors, and all other parties in interest.

## NOTICE

15.    Notice of this Motion has been given to the following parties:  (i) the Office of the United States Trustee; (ii) counsel to the DIP Lenders; (iii) counsel to the DIP Agent and Senior Notes Agent; (iv) counsel to the Committee; and (v) those persons who have requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice be given.

*[Remainder of page intentionally left blank]*

6

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request the entry of an order, substantially in the form attached hereto, extending the Exclusivity Period for filing a plan through and including July 8, 2013 and the Exclusivity Period for solicitation of a plan through and including September 3, 2013, and for such other and further relief as this Court deems appropriate.

Dated: April 3, 2013                    PACHULSKI STANG ZIEHL & JONES LLP

                                        */s/ Timothy P. Cairns*
                                        Debra I. Grassgreen (CA Bar No. 169978)
                                        Robert J. Feinstein (NY Bar No. RF-2836)
                                        Timothy P. Cairns (DE Bar No. 4228)
                                        919 North Market Street, 17th Floor
                                        P.O. Box 8705
                                        Wilmington, DE  19899-8705 (Courier 19801)
                                        Telephone:  (302) 652-4100
                                        Facsimile:  (302) 652-4400
                                        Email: dgrassgreen@pszjlaw.com
                                               rfeinstein@pszjlaw.com
                                               tcairns@pszjlaw.com

                                        Counsel to the Debtors and Debtors in Possession

DOCS_DE:186720.2