IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DDMG Estate, *et al.*,<br><br>　　　　　　　　　Debtors.[1] | Chapter 11<br><br>Case No. 12-12568 (BLS)<br><br>(Jointly Administered)<br><br>**Objection Deadline: July 20, 2016 at 4:00 p.m.**<br>**Hearing: July 27, 2016 at 11:00 a.m.** |

**DEBTORS' STATEMENT IN SUPPORT OF**
**UNITED STATES TRUSTEE'S MOTION TO COMPEL**
**THE FILING OF A CHAPTER 11 PLAN, OR IN THE ALTERNATIVE,**
**CONVERSION OR DISMISSAL OF THE CHAPTER 11 CASES AND**
**GRANTING OTHER RELATED RELIEF**

The above-captioned debtors and debtors in possession (the "**Debtors**") hereby submit this statement in support of the *United States Trustee's Motion to Compel the Filing of a Chapter 11 Plan, or in the Alternative, Conversion or Dismissal of the Chapter 11 Cases and Granting Other Related Relief* [Docket No. 1803] (the "**Motion to Convert**").

1. As this Court is aware, these chapter 11 cases have been pending since September 11, 2012. The Debtors worked expeditiously to effectuate a sale of substantially all of the Debtors' assets.

2. On April 18, 2016, the Debtors and the Committee filed the *Joint Motion of the Debtors and the Official Committee of Unsecured Creditors to Approve Certain Settlement Agreements Pursuant to Sections 105(a), 362(d)(1) and 363(b)(1) of the Bankruptcy Code and Rules 6004(c), 9014 and 9019(a) of the Federal Rules of Bankruptcy Procedure* [Docket No. 1807] (the "**Settlement Motion**").

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal or foreign taxpayer identification number, if any, are as follows: D2 Software, Inc. (5602); DDH Land Holdings, LLC; DDH Land Holdings II, LLC; DD Estate (8392); DDI Estate (6275); DDInt Estate (9344); DDMG Estate (9505); DDPI Estate (5757); DDPVC Estate (6450); DDSG Estate (4526); DDT Estate (6809); DDMI Estate (2113); Tradition Studios, Inc. (4883); Tembo Productions, Inc. (7634). The Debtors' mailing address is 1001 17th Street, Ste. 1100, Denver, CO 80202.

2

3.     Pursuant to the Settlement Motion, the Debtors and the Committee sought approval of (i) that certain *Global Settlement and Release Agreement* dated as of April 18, 2016 (the "**Global Settlement Agreement**"), attached to the Settlement Motion as **Exhibit A**, and (ii) that certain *Settlement Agreement* dated as of October 14, 2013 (the "**Allocation Settlement Agreement**"), attached to the Settlement Motion as **Exhibit B**.

4.     On May 5, 2016, the Court entered the *Order (I) Granting Joint Motion of the Debtors and the Official Committee of Unsecured Creditors to Approve Certain Settlement Agreements Pursuant to Sections 105(a), 362(d)(1) and 363(b)(1) of the Bankruptcy Code and Rules 6004(c), 9014 and 9019(a) of the Federal Rules of Bankruptcy Procedure and (II) Granting Related Relief* [Docket No. 1819].

5.     On May 20, 2016, the Global Settlement Agreement became effective.

6.     On July 5, 2016, the Court entered the *Thirtieth Amendment to the Final Order (I) Authorizing Debtors to Obtain Postpetition Financing and Use Cash Collateral, (II) Granting Adequate Protection, (III) Scheduling Final Hearing, and (IV) Granting Certain Related Relief* [Docket No. 1851] (the "**Final Amended DIP Order**").  Pursuant to the Final Amended DIP Order, the DIP Agent and DIP Lenders agreed to extend the Forbearance Period (as defined in the Final Amended DIP Order) through and until the earlier of (i) July 29, 2016 or (ii) the occurrence of a Termination Event (as defined in the Final Amended DIP Order).  The DIP Agent and the DIP Lenders informed the Debtors that they will not fund these chapter 11 cases beyond July 29, 2016.  Accordingly, attached as **Exhibit A** to the Final Amended DIP Order is an approved budget that contemplates the conversion of these chapter 11 cases to chapter 7 cases.  The approved budget includes $25,000.00 for a chapter 7 trustee and $12,500.00 for post-conversion services rendered by Debtors' professionals as well as funds necessary to pay outstanding United States Trustee fees.

7. Under the circumstances, the Debtors believe conversion of these chapter 11 cases is in the best interests of the Debtors' estates and their creditors. The Debtors have been in discussions with the Office of the United States Trustee about an orderly conversion of the chapter 11 cases. Therefore, the Debtors consent to the relief sought in the Motion to Convert on the condition that the Global Settlement Agreement is effectuated and all requisite lawsuits to be dismissed under the terms of the Global Settlement Agreement are in fact dismissed prior to the entry of an order converting these cases.[2] The Debtors are working with all parties, including the Committee and the United States Trustee, on a consensual form of order.

Dated:  July 21, 2016

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Debra I. Grassgreen (CA Bar No. 169978)
Robert J. Feinstein (NY Bar No. 1767805)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
Email:   dgrassgreen@pszjlaw.com
         rfeinstein@pszjlaw.com
         crobinson@pszjlaw.com

Counsel for the Debtors and Debtors in Possession

---

[2] The Debtors anticipate that this condition will be satisfied prior to the hearing on the Motion to Convert.

DOCS_SF:91482.2